George Haines, Esq.  E-FILED: October 15, 2009
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Eric D. Varney and Stefanie D. Varney

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In Re:  Eric D. Varney and Stefanie D. Varney, Debtor(s). | ) ) ) ) ) ) ) ) ) ) ) | Case No. BKS-09-24816-BAM Chapter 13  Hearing Date: December 10, 2009 Hearing Time: 2:30 P.M. |
|---|---|---|

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323) PURSUANT TO 11 U.S.C. §506(a) AND §1322**

Now Come, Eric D. Varney and Stefanie D. Varney (hereinafter the "Debtors"), by the law firm of HAINES & KRIEGER, L.L.C., and attorney David Krieger, Esq., and moves this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and states:

1. Debtors filed the instant Chapter 13, Case Number 09-24816 on August 13, 2009.

2. On the petition date, Debtors owned real property located at 2821 BELLEZA LANE, HENDERSON, NEVADA, 89074 (hereinafter the "Subject Property").

- 2 -

3. The value of the Subject Property was $144,837.00 at the time the instant petition was filed.

4. At the time of filing the instant petition, the Subject Property was subject to a priority lien held by WELLS FARGO HM MORTGAG (ACCT ENDING IN 5814) in an amount of $171,834.00.

5. Therefore, on the date the instant bankruptcy was filed, no equity existed in the Subject Property above the claims of WELLS FARGO HM MORTGAG (ACCT ENDING IN 5814).

6. WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s claim was wholly unsecured on the petition date and if the Subject Property was sold at auction WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323) would receive nothing.

7. Accordingly, the Debtors request that Your Honor find that WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s claim is wholly unsecured and WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s rights to foreclose on the Subject Property are hereby extinguished.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured…claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in

> which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim
>
> …
>
> To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s claim is wholly unsecured (in that there is no extant equity above the first mortgage in the Subject Property), WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323) should be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Further, the Debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion to "strip off" WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s consensual lien by motion. S*ee In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).

WHEREFORE, Debtors pray that this Court:

- 4 -

      1.      Find that WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323) is not a holder of a lien on the Subject Property;

      2.      Immediately avoid, "Strip off", cancel and extinguish WASHINGTON MUTUAL BANK (ACCT ENDING IN 6323)'s lien from the Subject Property pursuant to 11 U.S.C. Section 506(a);

      3.      Such other relief the Court finds appropriate.

Dated: October 15, 2009

                                                        /s/David Krieger, Esq.
                                                        David Krieger, Esq.
                                                        Attorney for Debtor(s)